**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-14-0000851**
**04-JUN-2015**
**07:47 AM**

CAAP-14-0000851

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CENTRAL PACIFIC BANK, Plaintiff-Appellee, v.
CHAD T. METCALFE, Defendant-Appellant, CHILD SUPPORT
ENFORCEMENT AGENCY, STATE OF HAWAII, Defendants-Appellees,
and JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50;
DOE CORPORATIONS 1-50; DOE "NON-PROFIT" CORPORATIONS 1-50;
AND DOE GOVERNMENTAL UNITS 1-50, Defendants


APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CIVIL NO. 13-1-0197(2))


SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant Chad T. Metcalfe (**Metcalfe**) appeals from a May 23, 2014 Judgment (**Judgment**), which finalized the Order Granting Plaintiff's Motion for Confirmation of Sale, for Distribution of Proceeds, for Writ of Possession, and for Deficiency Judgment, entered on May 13, 2014 (**Confirmation Order**), by the Circuit Court of the Second Circuit (**Circuit Court**).[1]

In this appeal, Metcalfe raises a single point of error. Metcalfe contends that the Circuit Court erred in awarding attorneys' fees to Plaintiff-Appellee Central Pacific Bank (**CPB**) because CPB's motion for, *inter alia*, an award of attorneys' fees was filed more than 14 days after the entry of an

---

[1] The Honorable Peter T. Cahill presiding.

appealable order or judgment, *i.e.* the Circuit Court's Findings of Fact; Conclusions of Law; Order Granting Plaintiff's Motion for Summary Judgment on All Claims and Against Defendants (1) Chad T. Metcalfe, and (2) Child Support Enforcement Agency, State of Hawaii; Interlocutory Decree of Foreclosure and Order of Sale filed herein on October 23, 2013, which was entered on January 9, 2014 (**Foreclosure Decree**),[2] and after Metcalfe's filing of a notice of appeal from the Foreclosure Decree.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that Metcalfe's appeal is without merit.

In essence, Metcalfe argues that, because the Foreclosure Decree was an appealable order or judgment, CPB's failure to file a motion for attorneys' fees within the time frame set forth in Hawai'i Rules of Civil Procedure Rule 54(d)(2)(B) and prior to the filing of the notice of appeal from the Foreclosure Decree deprived the Circuit Court of jurisdiction. "Generally, the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case." TSA Int'l, Ltd. v. Shimizu Corp., 92 Hawai'i 243, 265, 990 P.2d 713, 735 (1999) (citations omitted). However, "[n]otwithstanding the general effect of the filing of a notice of appeal, the trial court retains jurisdiction to determine matters collateral or incidental to the judgment, and may act in aid of the appeal." Id. For example, "an appeal under Rule 54(b) does not divest the trial court of jurisdiction to proceed with the other issues in the case." Sturkie v. Han, 2 Haw. App. 140, 146, 627 P.2d 296, 301 (1981); Territory v. Damon, 44 Haw. 557, 356 P.2d 386 (1960). In his appeal of the Foreclosure Decree, Metcalfe did not post a supersedeas bond that was required to stay enforcement of the Foreclosure Decree. In a foreclosure case,

---

[2]     Metcalfe also argues that CPB failed to file the motion which included the attorney's fees request within 14 days of the February 25, 2014 order denying reconsideration of the Foreclosure Decree.

> [t]he decree of foreclosure is deemed final for appeal purposes notwithstanding the fact that many matters relating to it remain undetermined. <u>Matters such as the</u> order of sale, appointment of commissioner, confirmation of sale, <u>award of costs and fees</u>, and award of deficiency judgment <u>are deemed to be incidents to the enforcement of the decree of foreclosure</u>, . . . <u>and errors unique to them are separately appealable, . . . when they are fully adjudicated</u>[.]

<u>Sturkie</u>, 2 Haw. App. at 146-47, 627 P.2d at 302 (footnote and citations omitted; emphases added).

Accordingly, the Circuit Court's May 23, 2014 Judgment is affirmed.

DATED: Honolulu, Hawai'i, June 4, 2015.

On the briefs:

Gary Victor Dubin
Frederick J. Arensmeyer
Daniel J. O'Meara
(Dubin Law Offices)
for Defendant-Appellant

Mitzi A. Lee
for Plaintiff-Appellee

Chief Judge

Associate Judge

Associate Judge